IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**MATTHEW COTY THEABOLT**,

      Plaintiff,

v.

**COMMISSIONER SOCIAL SECURITY
ADMINISTRATION**,

      Defendant.

Case No.  3:12-CV-01627-SU

**FINDINGS AND
RECOMMENDATION**

SULLIVAN, United States Magistrate Judge:

      Plaintiff seeks authorization of attorney's fees pursuant to 42 U.S.C. § 406(b) in this social

security case.  The motion for attorney's fees is unopposed.  For the reasons that follow, the motion

should be granted in the full amount requested.

Page 1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

On September 10, 2012, plaintiff filed his initial complaint with this Court, seeking review of the Commissioner of Social Security's rejection of his application for Supplemental Security Income ("SSI") benefits. The Court found that the Commissioner's decision should be reversed and the case remanded for an award of benefits. F. & R., at 1, 23 (Doc. #16). The Court issued findings and recommendations to that effect, and U.S. District Court Judge Michael Simon adopted them. Opin. & Order, at 2-3 (Doc. #20). Plaintiff was awarded SSI benefits, including $28,433.07 in past-due benefits. Mot. 406(b) Atty.'s Fees Ex. A, at 2 (Doc. # 24-1). Plaintiff's attorney then filed a stipulated application for fees pursuant to Equal Access to Justice Act ("EAJA"). This Court awarded attorney fees in the stipulated amount of $2,288.42. Order EAJA Fees, at 1; *see* 28 U.S.C. § 2412. Plaintiff now moves for attorney fees under Section 406(b) totaling $7,108.26, which equals 25 percent of plaintiff's retroactive social security benefits. Mot. 406(b) Atty.'s Fees, at 2 (Doc. #24). Because counsel has already received EAJA fees and may not retain both, counsel asks that the Court offset the 406(b) award by the amount of the EAJA fees. Thus, plaintiff asks this Court to grant $4,819.84 in 406(b) fees. Mot. 406(b) Atty.'s Fees, at 5-6. The Commissioner does not oppose the motion. Mot. 406(b) Atty.'s Fees, at 2.

## LEGAL STANDARD

Under Section 406(b), when a court has entered a judgment in favor of a social security claimant with legal representation, the court "may determine and allow as part of its judgment a reasonable fee for such representation." 42 U.S.C. § 406(b). However, the fee may not exceed "twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Id.* The 406(b) award is paid from claimant's past due benefits, and the attorney

Page 2 - FINDINGS AND RECOMMENDATION

may not seek any other compensation from the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96, 806-07 (2002); *Franz v. Comm'r of Soc. Sec. Admin.*, 2015 WL 4920793, at *1 (D. Or. Aug. 17, 2015).    Thus, the claimant's attorney may not keep both EAJA fees and Section 406(b) fees. *Gisbrecht*, 535 U.S. at 796.  Where a court first approves EAJA fees and then a larger Section 406(b) fee award, the courts will generally subtract the amount of the EAJA fees from the total Section 406(b) fee award.  *Id.*; *Franz*, 2015 WL 4920793, at *3.

Even when the Commissioner does not challenge the fee amount sought by an attorney, the court has an affirmative duty to assess the reasonableness of the requested fees.[1] *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009).  In making the assessment, courts should respect "the primacy of lawful attorney-client fee agreements," but may reduce those agreed-upon fees based on the character of the representation and the results achieved.  *Gisbrecht*, 535 U.S. at 793, 808.  Courts should first examine the fee agreement to ensure it does not provide for fees in excess of 25 percent of past-due benefits.  *Gisbrecht*, 535 U.S. at 800, 807-08 ("agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits"); *Blaine-Thede v. Colvin*, 2014 WL 4627217, at *1 (D. Or. Sept. 16, 2014).  Even if the fee agreement does not exceed the Section 406(b) 25-percent cap, the attorney still bears the burden of showing that the fees yielded under the agreement are themselves reasonable.  *Gisbrecht*, 535 U.S. at 807; *Crawford*, 586 F.3d at 1148.  A court may properly reduce the amount of attorney fees based on factors which include: (1)

---

[1]  "Because the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established."  *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009); *Davis v. Colvin*, 2015 WL 268950, at *1 (D. Or. Jan. 20, 2015) (citing *Gisbrecht*, 535 U.S. at 798 n.6).

Page 3 - FINDINGS AND RECOMMENDATION

substandard performance; (2) delay; and (3) "benefits that are not in proportion to the time spent on the case" by the attorney seeking the fees. *Crawford*, 586 F.3d at 1151. The Ninth Circuit also noted the risk involved in contingency representation may be an appropriate factor to consider in determining a 406(b) award—in particular, "the complexity and risk involved in the specific case." *Id.*, at 1152-53; *Abbas v. Colvin*, 2014 WL 3850027, at *3 (D. Or. Aug. 5, 2014). Although the Supreme Court has instructed against using the lodestar method[2] to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148 (emphasis in original); *see Gisbrecht*, 535 U.S. at 808 (courts may consider counsel's record of hours spent representing claimant and the typical hourly rate in evaluating the reasonableness of the fees sought); *Quinnin v. Colvin*, 2013 WL 5786988, at *1 (D. Or. Oct. 28, 2013)

## DISCUSSION

Accordingly, the Court looks first to the attorney-client fee agreement and assesses it for reasonableness. *Gisbrecht*, 535 U.S. at 808. Here, the agreement signed by attorney and plaintiff provided for a fee of 25 percent of past due benefits. Mot. 406(b) Atty.'s Fees Ex. B, at 2 (Doc. #24-2). Courts have found such terms to be highly commonplace and reasonable. *Gisbrecht*, 535 U.S. at 800; *Crawford*, 586 F.3d at 1147 ("agreements providing for fees of 25% of past-due benefits have . . . become the most common fee arrangement between attorneys and Social Security claimants"); *Blaine-Thede*, 2014 WL 4627217, at *1. Thus, the Court finds the agreement was reasonable. As for factors that might favor a reduction in benefits, the Court finds no evidence of substandard

---

[2] The lodestar method of calculating reasonable legal fees involves determining the number of hours reasonably spent on the given case and multiplying the hours by a reasonable hourly rate. *See Gisbrecht*, 535 U.S. at 792, 798-802 (providing history of the lodestar method).

Page 4 - FINDINGS AND RECOMMENDATION

attorney performance.  Plaintiff's counsel fully litigated the case and secured a substantial award of benefits for plaintiff after administrative officials had denied benefits.  Furthermore, the record does not indicate counsel caused any delay of plaintiff's case.  Nor does the attorney appear to have spent a disproportionately small amount of time on the case.  Counsel has submitted documentation of 20.25 hours of work performed by an attorney and a law clerk.  Mot. 406(b) Atty.'s Fees Ex. C, at 1 (Doc. #24-3).  Counsel's fee request, if granted, would result in an effective hourly rate of $351.02 per hour, which is not unreasonable or out of line with fees awarded in other cases in the district.  *See, e.g., Parker v. Astrue*, 2012 WL 4324920, at *5 (D. Or. Sept. 5, 2012) *report and recommendation adopted*, 2012 WL 4328364 (D. Or. Sept. 20, 2012) (hourly rate of $371.42 deemed reasonable); *Ali v. Comm'r, Soc. Sec. Admin.*, 2013 WL 3819867, at *3 (D. Or. July 21, 2013) (approving effective hourly rate of $1,000 an hour); *Abbas v. Colvin*, 2014 WL 3850027, at *3 (approving hourly rate of $205.21 as "well below hourly rates regularly approved by the court"); *Quinnin*, 2013 WL 5786988, at *3 (although "on the high side," an hourly rate of $1,000 for attorneys and $500 for paralegals could serve as guide for fashioning a  reasonable award).  Here, the fee amount sought is proportional and reasonable for the work performed and the benefits ultimately awarded.  Moreover, the Commissioner does not oppose the fees requested.

Accordingly, the Court concludes that a fee of 25 percent of past-due benefits, here $7,108.26, is reasonable in this case.  However, this award is offset by the $2,288.42 in EAJA already awarded.  Thus, counsel should now be granted $4,819.84.  Mot. 406(b) Atty.'s Fees, at 5-6 This amount, when combined with EAJA fees, totals the full amount that counsel seeks.

Page 5 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

For the above reasons, Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. #24) should be GRANTED.  Because counsel has already been granted EAJA fees, counsel should be awarded $4,819.84, less any applicable processing fees.

**SCHEDULING ORDER**

The above Findings and Recommendations will be referred to a United States District Judge for review.  Objections, if any, are due within fourteen (14) days of receipt of the Findings and Recommendation. If objections are filed, a response to the objections is due fourteen (14) days after the date the objections are filed and the review of the Findings and Recommendations will go under advisement on that date.

IT IS SO ORDERED.

DATED this 8th day of September 2015.


/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge